IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWNTIA SMITH, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) No. 20-cv- |
| Plaintiff, | ) ) **District Judge** ) |
| v. | ) Magistrate Judge ) |
| DIALYSIS CARE CENTER OLYMPIA FIELDS LLC, A DELAWARE LIMITED LIABILITY COMPANY, DIALYSIS CARE CENTER HOLDINGS LLC, A DELAWARE LIMITED LIABILITY COMPANY AND STEPHANIE SHUMATE, INDIVIDUALLY | ) ) ) *JURY DEMAND* ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, **SHAWNTIA SMITH,** on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendants, **DIALYSIS CARE CENTER OLYMPIA FIELDS LLC AND DIALYSIS CARE CENTER HOLDINGS LLC AND STEPHANIE SHUMATE** (each a "Defendant", collectively the "Defendants") states as follows:

I. **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.* Plaintiff also asserts a claim under the retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

II. **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C.

§1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3.  Defendant, **DIALYSIS CARE CENTER OLYMPIA FIELDS LLC** (hereinafter "DCCOF") provides dialysis services and treatments for patients. Defendant DCCOF has its facility at 15786 S. Bell Road, Homer Glen, Illinois. DCCOF maintains its corporate headquarters at 16192 Coastal Highway, Lewes, Delaware. Defendant DCCOF is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Defendant, **DIALYSIS CARE CENTER HOLDINGS LLC** (hereinafter "DCCH") is a related or affiliated corporate entity of DCCOF and, among potentially other business interests, provides the same or similar dialysis treatment services as DCCOF. Defendant DCCH maintains its corporate headquarters at 16192 Coastal Highway, Lewes, Delaware. Defendant DCCH is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5.  Defendant **STEPHANIE SHUMATE** is the regional manager for DCCH whose territory, which comprised of multiple Illinois facilities, included DCCOH. In her capacity as

a regional manager of DCCH, Shumate was vested with the authority to implement and carry out the wage and hour practices of DCCH and DCCOH. Shumate supervised numerous facilities, including DCCOH, and, as described in more detail below, personally involved herself with the hours and pay of DCCH employees, including Plaintiff. The named Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Shumate and Shumate in turn responded to those communications with the authority described above. Thus, at all times relevant hereto, Shumate was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6. Plaintiff, **SHAWNTIA SMITH** (hereinafter referred to as "the named Plaintiff"), was employed as an hourly "dialysis technician" who performed duties associated with providing and assisting patients with dialysis treatment. The named Plaintiff worked hours in excess of forty (40) in a workweek, including work that was not recorded or accounted for by Defendants' time keeping system (hereinafter referenced as "work off the clock") and, in work weeks in which she worked in excess of forty hours including the work off the clock, was denied time and one-half compensation for all such hours. Additionally, Plaintiff alleges that Defendants' management employees, including Shumate, altered and reduced the electronic timesheets of Plaintiff and members of the Plaintiff Class, which resulted in non-payment of earned wages and overtime wages, in order to avoid the obligations imposed by the federal and state laws referenced herein.

7. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were paid hourly wages and also

3

performed work off the clock as described above and also were denied pay at time and one-half compensation. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

8.     Pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, *§260*. Count VI alleges retaliation against Plaintiff by Defendants in violation of the FLSA and seeks lost wages and punitive damages.

### Illinois Minimum Wage Law

9.     Pursuant to the Illinois Minimum Wage Law (IMWL), 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

10.     Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover compensation and wages that were earned but not paid by Defendants, by which Plaintiff and Defendants had agreed would be paid, on or before ten (10) years prior to the date of filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made

under this Count VI. The claims asserted by Plaintiffs herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

11. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

12. Plaintiff was employed by Defendants as a dialysis technician from June 2019 to February 7, 2020.

13. Plaintiff typically at least 5 days per week and approximately 40-50 hours per week. Plaintiff's weekly schedule and the start and end times of each shift varied.

14. Plaintiff's job duties included performing tasks associated with administering dialysis treatment to patients, such as:

    a) ensuring treatment was administered properly;

    b) monitoring patient's vital signs;

    c) conduct a treatment assessment approximately every 30 minutes;

    d) administer and conduct treatment consistent with doctor instruction; and

    e) other general patient care.

15. Defendants extended a written offer of employment to Plaintiff through an offer letter. Defendants agreed to pay Plaintiff an hourly rate of pay of approximately $22.50 for all work she performed for Defendants. Plaintiff accepted Defendants' offer.

16. During the course of her employment, Plaintiff was required to clock in and out for all shifts using the Paylocity platform used by Defendants. Plaintiff always clocked in and out of her shifts in accordance with Defendants' policies.

17. During one two-week pay period in November 2020, Plaintiff had worked approximately 93 total hours, for which she expected to be paid approximately 80 hours of regular time and 13 hours of overtime. On the Sunday prior to Wednesday payday, Plaintiff checked her timesheet on Paylocity and saw the correct hours reflected. On approximately Tuesday night, right before Plaintiff was to be paid via direct deposit on Wednesday, Plaintiff observed, through no action of her own, that her timesheet reflected approximately only 10 hours of overtime instead of 13.

18. Plaintiff immediately raised the issue with Defendant Stephanie Shumate, who Plaintiff understood to be in a position comparable to a regional manager that oversaw many of the Chicago-area facilities, via text message. Defendant Shumate responded to Plaintiff's complaint regarding the altered timesheet by asking Plaintiff who had authorized her overtime.

19. Defendant Shumate informed Plaintiff via reply text that the overtime hours that had been removed were not authorized by Shumate or the acting facility manager and would not be paid.

20. In approximately late November, following Plaintiff's complaint of altered timesheets to Defendant Shumate, Plaintiff participated in a conference call that included Plaintiff and Shumate, as well as the supervising nurse (Stephanie) and the Vice President of Clinical Operations (Monique). During this call, Plaintiff again raised her concern regarding the altered timesheet. In response, Defendant Shumate confirmed that she had reduced Plaintiff's hours in Paylocity by way of Shumate's admin privileges within the platform. Shumate did not provide a concrete reason as to why she reduced Plaintiff's work hours beyond generally reiterating that overtime hours should be approved.

21. Defendants refused to compensate Plaintiff for the additional overtime hours improperly removed by Shumate.

22. Based on Plaintiff's conversations with Defendants and their management employees, including the admissions by Shumate, Plaintiff has reason to believe that Defendants altered the timesheets of her and other employees on a regular basis by reducing the number of clocked overtime hours.

23. Additionally, Defendants instituted a 30-minute automatic deduction for meal breaks. Defendants carried out this policy by manually altering the clock in and out times for meal breaks.

24. During these unpaid meal breaks Plaintiff and members of the Plaintiff class routinely performed work, again to the benefit of the employer, without pay for that time.

25. Oftentimes, due to facility volume and patient care, Plaintiff either was only able to take a short meal break of about 15 minutes or did not take a meal break at all.

26. In instances where Plaintiff was unable to take a meal break due patient needs, 30-minutes would be deducted from those shifts by Defendants. Defendants would alter Plaintiff's timesheets to reflect in and out times for meal breaks that equaled exactly 30-minutes. When Plaintiff clocked meals herself during the rare instances in which she was able to take a meal break, the entries were never exactly 30-minutes apart.

27. In most instances, the work off the clock as described above should have been compensated at time and one-half the workers' regular hourly rate because if the unpaid time was properly treated as compensable, Plaintiff and other members of the Plaintiff Class would have recorded over 40 hours in particular workweeks. In other limited instances, the unpaid time should have compensated at the workers' regular hourly rates.

28. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for all such hours pursuant to the requirements of the federal and state statutes herein relied upon.

29. This work performed by Plaintiff and members of the Plaintiff Class was work off the clock to the benefit of the employer without pay, in violation of the requirements of the federal and state statutes herein relied upon.

30. The total amount of hours worked off the clock by Plaintiff and members of the Plaintiff Class, and therefore the total number of regular and or overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found in Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

31. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings pursuant to either the FLSA or the Federal Rules of Civil Procedure 23, and afforded opportunity to join their claims.

32. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings pursuant to either the FLSA or the Federal Rules of Civil Procedure 23, and afforded opportunity to join their claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-31.     Paragraphs 1 through 31 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 31 of this Count I.

32.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

33.     Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d)     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-33   Paragraphs 1 through 33 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of Count II.

34.   Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

35.   Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)   awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)   awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)   awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)   and such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-35. Paragraphs 1 through 35 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 35 of Count III.

36. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

37. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-37.   Paragraphs 1 through 37 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of this Count IV.

38.   As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

39.   The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

40.   Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

41.   Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)   declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)   awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)   allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)   directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)   for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-41. Paragraphs 1 through 41 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of this Count IV.

42. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

43. Plaintiff, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

44. Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

45. During the employment of the named Plaintiff, and members of the Plaintiff Class, Defendants systemically and improperly deducted money from the pay of the named Plaintiff and members of the Plaintiff Class which Defendants had agreed would be paid, by way of unilaterally and improperly manipulating the timesheets of Plaintiff and the Plaintiff Class in violation of the IWPCA. Plaintiff, and members of the Plaintiff class, as employees, were entitled to be paid their earned wages for work performed for the exclusive benefit of the employer. Defendants failed to tender Plaintiffs, and members of the Plaintiff Class, their earned compensation in accordance with the Act.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

    (d)    for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

## VIOLATION OF FAIR LABOR STANDARDS ACT
## RETALITORY DISCHARGE

1-45.    Paragraphs 1 through 45 of Count V are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 45 of this Count VI.

46.    Plaintiff was fired by Defendants in retaliation for filing a complaint regarding Defendants' improper timesheet alterations and denial of overtime wages.

47.    In late November, following Plaintiff's conference call with Defendants regarding her complaint of altered timesheets, Plaintiff filed a wage claim with the Illinois Department of Labor ("IDOL").

48.    On February 3, 2020, the IDOL notified Defendants of Plaintiff's wage complaint. The IDOL advised Defendants that they had 30 days to respond to Plaintiff's complaint.

49.    On February 7, 2020, Plaintiff was terminated by Defendants, specifically by Defendant Shumate in a meeting with Defendants' other supervisors and management employees.

50.    Defendants told Plaintiff she was being terminated for purchasing a LINK card for a patient. Plaintiff vehemently denied the allegations to Defendants and stated that she had knowledge of the employee that had purchased the card for the patient. Defendants followed through with their termination of Plaintiff. Upon information and belief at the time this Complaint was filed, the employee that had in fact purchased the LINK card for the patient remains in Defendants' employ.

51. Defendants accused Plaintiff of violating facility policies only after receiving notice of her IDOL complaint.

52. In direct retaliation for Plaintiff asserting her rights under the FLSA and IMWL as described above, Defendants retaliated against Plaintiff.

53. Pursuant to Fair Labor Standards Act, 29 U.S.C. §215(a)(3), it is illegal for an employer, or an employer through other appointed agents and affiliates, to retaliate or discriminate against an employee for asserting her rights for back overtime wages as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all wages lost by Plaintiff as a result of the retaliatory acts complained of herein;

(b) awarding prejudgment interest with respect to the total amount of all lost wages;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act;

(d) awarding punitive damages against Defendants in an amount in excess of One Million Dollars ($1,000,000);

(e) for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 04/20/2020*

/s/ John W. Billhorn
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.